[No. B007754. Second Dist., Div. Two. Nov. 13, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
NORMAN BERKOFF, Defendant and Appellant.

COUNSEL

Richard H. Kirschner for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Andrew Amerson and Susan D. Martynec, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BEACH, J.**—After denial of his motion to suppress evidence under Penal Code section 1538.5, defendant pleaded guilty to possession of cocaine for the purpose of sale (Health & Saf. Code, § 11351). The trial court placed defendant on probation for three years, subject to, among other conditions, spending the first 35 days in county jail and paying a $1,000 fine. Defendant appeals, claiming an improper denial of his suppression motion.[1] Affirmed.

FACTS:

After receiving information from a citizen informant on the "WE-TIP" telephone line that defendant was selling cocaine from apartment No. 128 at 11840 Chandler Boulevard, Narcotics Officer Richard Hill of the Los Angeles City Police Department on October 13, 1983, asked a female informant to purchase cocaine at the apartment. Before sending her to the apartment, Officer Hill took her to the women's section at the Van Nuys jail to have her searched by a female employee. A recording device and transmitter were placed on the informant's person and she was given cash to effect the cocaine purchase. Officer Hill monitored the transaction. The informant returned to Officer Hill's vehicle with a white powder resembling cocaine. The next day, Officer Hill obtained a search warrant for the apartment. While other officers executed the warrant, Officer Hill located defendant at his business address in Van Nuys, and arrested him.

Seized from defendant's apartment were a plastic bag containing cocaine, four glass vials of cocaine, a gram scale, and empty glass vials and plastic baggies.

DISCUSSION:

The informant's police-controlled cocaine purchase from defendant occurred in October 1983, after the enactment of Proposition 8 by the voters

---

[1]A defendant who has pleaded guilty may obtain a review of the validity of a search and seizure provided that at some stage of the proceedings prior to conviction he has moved for return of the property or suppression of the evidence. (Pen. Code, § 1538.5, subd. (m).)

of California. Proposition 8 therefore applies. (*People* v. *Smith* (1983) 34 Cal.3d 251, 258 [193 Cal.Rptr. 692, 667 P.2d 149].) Article I, section 28, subdivision (d), which was added to the California Constitution by Proposition 8, requires that relevant evidence not be excluded in any criminal proceeding. Recently, in *In re Lance W.* (1985) 37 Cal.3d 873 [210 Cal.Rptr. 631, 694 P.2d 744], the state Supreme Court interpreted this provision as requiring the exclusion of relevant but unlawfully obtained evidence only if exclusion is required by the United States Constitution.

For years, probable cause for issuance of a search warrant was measured by the two-pronged test established in *Aguilar* v. *Texas* (1964) 378 U.S. 108 [12 L.Ed.2d 723, 84 S.Ct. 1509] and refined in *Spinelli* v. *United States* (1969) 393 U.S. 410 [21 L.Ed.2d 637, 89 S.Ct. 584]. Under that test, the affidavit supporting the search warrant had to (1) reveal the informant's basis of knowledge, and (2) provide sufficient facts to show the informant's veracity or the reliability of his report. In 1983, however, the high court abandoned this two-prong test. The court held the test to be too rigid, substituting in its place the "totality of the circumstances" approach which traditionally has guided probable-cause determinations and which permits a balanced assessment of the relative weights of all the various indicia of reliability (and unreliability) attending an informant's tip. (*Illinois* v. *Gates* (1983) 462 U.S. 213, 234-235 [76 L.Ed.2d 527, 545-546, 103 S.Ct. 2317].) The court noted that although an informant's veracity, reliability, and basis of knowledge were all highly relevant in determining the value of his report, those elements "should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." (*Id.*, at p. 230 [76 L.Ed.2d at p. 543].) ▮ Thus, in determining the existence of probable cause for the issuance of a warrant, the task of the magistrate "is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Id.*, at p. 238 [76 L.Ed.2d at p. 548].)

In this case, the affidavit supporting the search warrant contained the following information:

The affiant, Officer Richard Hill, received an anonymous tip from a citizen informant regarding an "unusual amount of traffic" at apartment No. 128 at 11840 Chandler Boulevard occurring almost daily during the evening hours and the daytime hours on the weekend. The citizen informant mentioned that visitors to the apartment would stay only three to five minutes,

and that it was rumored the tenant at the apartment, Norman Berkoff (defendant), was selling cocaine. In the opinion of the affiant, an experienced narcotics officer, the activities described by the citizen informant were indicative of the sales of drugs from a residence.

The affiant then sought the assistance of a confidential, reliable informant to make a controlled purchase of cocaine at the apartment. The affiant considered the informant to be reliable because on a prior occasion she had provided him with information that led to the arrest of two people and the seizure of narcotics. Before the informant left for the apartment, the police gave her money and wired her so they could monitor any conversation between her and defendant. When the informant knocked on the door of the apartment and asked for "Norman," a male voice answered, "Come on in." The informant asked to buy "a half," to which the male voice replied it would cost $60. When the informant asked if it was good, the male voice said, "No, it's bad. You don't have to buy it you know," adding, "Go ahead and try some." Later the informant asked, "Can I have your phone number? I'll need more later." The male voice replied, "Yes, but be careful." The affiant mentioned that a tape recording of the tape was available for the magistrate's use.

The informant returned to the affiant, who was waiting nearby in an undercover vehicle, with a glass vial containing a white powder, saying, "This is the cocaine I bought from Norman in apartment #128." The informant added she had seen larger quantities of cocaine in the apartment.

The informant was never out of the affiant's sight except when she was inside the apartment. A preliminary chemical analysis indicated that the powder in the vial was cocaine.

■■■ Relying on the holding in *United States* v. *Leon* (1984) 468 U.S. 897, 914 [82 L.Ed.2d 677, 693, 104 S.Ct. 3405] that "the deference accorded to a magistrate's finding of probable cause does not preclude inquiry into the knowing or reckless falsity of the affidavit on which that determination was based," defendant contends the omissions of certain facts in the affidavit misled the judge into signing the warrant. Thus defendant contends the affidavit should have mentioned (1) the WE-TIP information was several weeks old and therefore stale; (2) initial police surveillance of defendant's apartment following the WE-TIP information indicated no unusual activities; (3) the police did not actually see the informant enter defendant's apartment; (4) cocaine arrests of persons other than defendant had occurred in the apartment building in October, the month of defendant's arrest; (5) the informant used PCP; (6) the informant had a criminal record, had criminal matters pending against her, and was a paid police informant.

■ An affiant's duty of disclosure extends only to material adverse facts, which, if omitted, would distort the probable cause analysis. (*Franks* v. *Delaware* (1978) 438 U.S. 154, 155-156 [57 L.Ed.2d 667, 672, 98 S.Ct. 2674]; *People* v. *Sawkow* (1984) 150 Cal.App.3d 999, 1014 [198 Cal.Rptr. 374]; *U.S.* v. *DiCesare* (9th Cir. 1985) 765 F.2d 890, 894-895.) ■ "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." (*Illinois* v. *Gates*, *supra*, 462 U.S. 213, 244, fn. 13 [76 L.Ed.2d 527, 552].) The totality-of-the-circumstances analysis, which we are required to apply here, recognizes the value of corroboration of details of an informant's tip by independent police work. (*Id.*, at p. 241 [76 L.Ed.2d at p. 550].)

■ In this case, the omitted facts could not have misled the judge who issued the search warrant. As to defendant's allegation that the WE-TIP information was several weeks old, the subsequent controlled purchase of cocaine at defendant's apartment corroborated that information. Officer Hill's failure to mention that his prior surveillance of defendant's apartment had not revealed any suspicious activities was not material since the subsequent controlled purchase of cocaine at defendant's apartment corroborated the information provided by the citizen informant on the WE-TIP telephone line.

With respect to defendant's claim that Officer Hill failed to mention in the affidavit that he lost sight of the informant when she entered the apartment building, the affidavit specifically recited that the informant was within the affiant's sight at all times except when she entered defendant's apartment. There was therefore no omission, contrary to defendant's allegation. Moreover, the recorded conversation between the informant and defendant established that the informant had in fact entered defendant's apartment, where the cocaine sale eventually took place.

Defendant argues that Officer Hill should have included in his affidavit information about the "cocaine arrests" of persons other than defendant in the apartment building. That information was of no relevance. From the information contained in the affidavit the issuing judge could reasonably conclude it was defendant, not someone else, who invited the informant in to his apartment and then sold her some cocaine.

Defendant further argues the affidavit should have included the fact that the informant was a drug user, had a criminal record, had criminal matters pending, and was a paid police informant. At the preliminary hearing, Officer Hill testified that when he drafted the affidavit he knew only that the informant had one unpaid traffic citation. He had not "run" a record on her, and therefore did not know of any prior or current criminal arrests.

We conclude that even without these statements in the affidavit the information set forth in the affidavit supported a finding of probable cause, that is, a fair probability contraband would be found at defendant's apartment. (*U.S.* v. *DiCesare, supra,* 765 F.2d 890, 894-895.) Officer Hill personally verified every facet of the information provided by the citizen informant regarding defendant's alleged illicit activities. The officer kept the informant under close surveillance until she reached defendant's apartment. At that point, the officer overheard the informant's knocking on defendant's door, the informant's question whether the apartment was No. 128, and a male voice responding to "[c]ome on in" and acknowledging he was Norman (defendant's first name), followed by the informant's entry into the apartment, the informant's inquiry whether she could "get a half" and at what price, with the male voice responding the price was $60, after which the informant returned to the officer's undercover vehicle with a glass vial containing a white powder later determined to be cocaine.

Based on the practical, common sense judgment called for in making a probable cause determination, we conclude that the facts set forth in the affidavit provided the issuing judge with a substantial basis for concluding there was a fair probability that contraband would be found in defendant's apartment. (*Illinois* v. *Gates, supra,* 462 U.S. 213, 238-239 [76 L.Ed.2d 527, 548-549].)

The judgment (order granting probation) is affirmed.

Roth, P. J., and Gates, J., concurred.